UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**MICAH GRAY**                                                                                            **PLAINTIFF**

**v.**                                       **CIVIL ACTION NO. 5:21-cv-133-BJB**

**SCOTT JORDAN, et al.**                                                         **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Micah Gray initiated this *pro se* 42 U.S.C. § 1983 action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the Court dismisses some claims and allows others to proceed.

**I. STATEMENT OF CLAIMS**

Plaintiff, an inmate at the Kentucky State Penitentiary (KSP), names as Defendants the following KSP employees in both their individual and official capacities: Warden Scott Jordan, RN Jackie Holmes, APRN Karen Ramey, HPN Kristi Ponzetti, and LPN Kristen Ellenberger.

Plaintiff states that after his clavicle was broken by a cell extraction team, Defendant Ellenberger responded and notified Defendant Ramey of Plaintiff's injury by phone. He alleges that both Defendants Ellenberger and Ramey agreed that his injury should be "ignored and me to be placed in a restraint chair for 2 hours and my clavic[le] be assessed at a later time." He states that he was left in the restraint chair "with pressure on my clavic[le] causing extreme pain . . . crying and begging for help." He further alleges that his injury was clearly visible; therefore, Defendants Ellenberger and Ramey knowingly allowed him to "endure excessive forcible pain by blatantly ignoring a serious injury that a regular lay man could evaluate."

According to the complaint, when Defendant Holmes assessed Plaintiff after two hours in the restraint chair, Holmes could see that the injury was serious and reported her assessment that his clavicle was broken to Defendants Ramey and Ponzetti. Yet, Plaintiff alleges, she cleared him to be placed in a bare cell with no mattress, simply advising him to keep his arm immobile. He states that he remained in the "stripped bare cell" instead of a medical cell for seven days without any pain medicine, even though he filled out "medical sick calls."

Plaintiff states that after seven days he was seen by Defendant Ramey and given an x-ray which showed the fracture. According to the complaint, at that time he was "immediately referred to [an] outside orthopedic." Plaintiff alleges that Defendants Ellenberger, Ramey, Holmes, and Ponzetti violated his constitutional rights by refusing to give him a full medical assessment despite his visible injury. He further alleges that his injury did not heal correctly "due to negligence of medical response in a timely manner."

Plaintiff seeks monetary and punitive damages, as well as injunctive relief in the form of physical therapy.

## II. STANDARD OF REVIEW

When a prisoner sues a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the case if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When screening the complaint, the Court must construe it in the light most favorable to the plaintiff and accept well-pled allegations as true, but has no obligation to accept "fantastic or delusional" allegations as true. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quotation omitted). And while a reviewing court liberally construes *pro se* pleadings, *see id.* at 471; *Boag v. MacDougall*, 454 U.S. 364, 365

(1982) (per curiam), a complaint must include "enough facts to state a claim to relief that is plausible on its face" in order to avoid dismissal, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### III. ANALYSIS

*A. Official-capacity claims*

The complaint asserts claims against Defendants in their official capacities and identifies them as employees of KSP.[1] *See* Complaint at 2–3. Claims against state employees in their official capacities are deemed claims against the Commonwealth. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."). States and state officials sued in their official capacity for damages are not "persons" subject to liability under § 1983. *See id.* ("[N]either a state nor its officials acting in their official capacities sued for damages are 'persons' under § 1983."). The Supreme Court has also held they are immune from a suit for damages in federal court, even if a state's own citizen is the plaintiff. *See, e.g.*, *Hans v. Louisiana*, 134 U.S. 1 (1890) (barring suit asserting violation of federal rights by plaintiff's own state); *Franchise Tax Board of California v. Hyatt*, 139 S. Ct. 1485, 1496 (2019) (collecting

---

[1] The Court notes that other decisions in cases brought by KSP inmates have identified medical personnel as employees of Wellpath or its predecessor Correct Care, private corporations that contracted with government-managed prisons to provide medical care. *See, e.g.*, *Unthank v. Beavers*, No. 5:19-CV-P28, 2019 WL 3281191, at *4 (W.D. Ky. July 19, 2019). In those cases, courts have analyzed so-called "official-capacity" claims against individual nurses employed by private contractors as asserting *respondeat superior* claims against the contractors. Such claims do not work, however, because a private contractor fulfilling a traditional state function could not be liable for its employees' actions on a *respondeat superior* basis. *See id.*; *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001). Here, Plaintiff has not sued any private contractor, and in any event the complaint does not allege any improper policy, custom, or training on the part of the contractor. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996). So, for multiple reasons, Plaintiff's claims against these nurses in their "official capacities" cannot survive § 1915A screening.

cases); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (immunity "remains in effect when State officials are sued for damages in their official capacity.").

Plaintiff's official-capacity claims against Defendants for monetary damages must therefore be dismissed for bringing claims for monetary relief against Defendants who are immune from such a suit.

A request for injunctive relief, however, is different. Sovereign immunity "does not bar official-capacity claims for prospective equitable relief against state officials." *See Will*, 491 U.S. at 71 n.10; *Ex parte Young*, 209 U.S. 123, 159–60 (1908). So the Court allows Plaintiff's official-capacity claim for injunctive relief, *i.e.*, his request for the provision of physical therapy, to continue against Defendants. *See, e.g.*, Brown v. Ky. State Penitentiary, No. 5:10-CV-P188-R, 2010 WL 4638764, at *2 (W.D. Ky. Nov. 5, 2010) (allowing prisoner's official-capacity claims against KSP employees for injunctive relief in the form of x-rays and medical treatment to proceed).

### B. Individual-capacity claims

Plaintiff alleges that Defendants Holmes, Ramey, and Ponzetti refused to give him a full medical assessment, causing him to endure "days of pain that medical staffing could have helped weaken and by Scott Jordan['s] rules I was confined to a stripped bare cell with only concrete and steel instead of a medical cell to be further assessed."

Plaintiff does not claim that Defendant Jordan personally performed the acts about which he complains. Instead, it appears that Plaintiff's claim against Defendant Jordan stems from a policy or rule he may have made in his administrative and/or supervisory capacity as the warden. But the doctrine of *respondeat superior*, also known as vicarious liability, cannot create liability against a defendant in a civil-rights action merely because he holds a supervisory position.

*Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Ryan v. Bunting*, No. 1:14-CV-511, 2014 WL 3845080, at *3 (W.D. Mich. Aug. 5, 2014) ("Although Plaintiff makes a conclusory allegation concerning a policy, Plaintiff has failed to allege that [the warden] engaged in any active unconstitutional behavior."). And in any event, the pleadings fail to state a claim because they neither identify any rule that allegedly required Plaintiff to be housed in a regular cell nor any constitutional defect in Jordan's alleged policies. *See Iqbal*, 556 U.S. at 678–79; *Moore v. Washington*, No. 1:20-cv-1184, 2021 WL 508304, at *6 (W.D. Mich. Feb. 11, 2021) (dismissing claim under § 1915A because the complaint "fail[ed] to allege any specific facts showing that the named Defendants … acted with the requisite deliberate indifference"). So the Court will dismiss the individual-capacity claim against Defendant Jordan for failure to state a claim upon which relief may be granted.

On initial review, the Court allows the individual-capacity claims against Defendants Holmes, Ramey, Ponzetti, and Ellenberger for deliberate indifference to Plaintiff's serious medical need to continue. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) ("[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983."). This Eighth Amendment standard can apply to employees of private government contractors who act under color of state law. *See, e.g.*, *Harrison v. Ash,* 539 F.3d 510, 521 (6th Cir. 2008).

## IV. CONCLUSION AND ORDER

The Court **DISMISSES** the official-capacity claims for monetary damages because Defendants are immune from such relief and the individual-capacity claim against Defendant

Jordan for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1) and (2).

Because the remaining claims survive the § 1915A screening, *i.e.*, Plaintiff's request for physical therapy against Defendants in their official capacities as well as the deliberate-indifference damages claims against Defendants Holmes, Ramey, Ponzetti, and Ellenberger in their individual capacities, the Court will enter a Service and Scheduling Order to govern the development of those claims. Defendants may file a motion to dismiss or an otherwise responsive pleading within the timeline set forth in the scheduling order.

Date: February 14, 2022

Benjamin Beaton, District Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel, as directed above
B213.009

6