# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**MICAH GRAY**                                                        **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO. 5:21-cv-133-BJB**

**SCOTT JORDAN et al.**                                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Micah Gray, a prisoner at the Kentucky State Penitentiary, brought this civil-rights complaint related to allegedly unconstitutional medical care after a clavicle injury. On initial review pursuant to 28 U.S.C. § 1915A, the Court allowed Plaintiff's deliberate-indifference claims to proceed against four nurses: Jackie Holmes, Karen Ramey, Kristi Ponzetti, and Kristen Ellenberger. Those Defendants, through counsel, have filed a motion to dismiss the claims against them (DN 24). Plaintiff has responded (DN 29). For the following reasons, the Court denies the motion to dismiss.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint, just as the Court does in performing its initial review under § 1915A. *Moniz v. Cox*, 512 F. App'x 495, 497 (6th Cir. 2013) ("Dismissals for failure to state a claim under . . . § 1915A are governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6)."); *Wilder v. Collins*, No. 2:12-cv-0064, 2012 WL 1606035, at *5 (S.D. Ohio May 8, 2012) ("When a complaint is screened under § 1915A, it is subjected to the same scrutiny as if a motion to dismiss for failure to state a claim had been filed under Fed. R. Civ. P. 12(b)(6)."). In addressing Defendants' motion to dismiss, the Court views the complaint in the light most favorable to Plaintiff and accepts as true all "well-pled factual allegations" in the complaint. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). In addition, "'a *pro se* complaint,

however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Defendants argue that the claims against them must be dismissed because Plaintiff did not allege exhaustion of administrative remedies in his Complaint. DN 24 at 3.

The Supreme Court, however, has held that "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust is an affirmative defense. *Id*. Thus, after *Jones v. Bock*, "it is inappropriate to dismiss a case for failure to exhaust on a Rule 12(b) motion unless the plaintiff states in his complaint that he failed to exhaust his grievances against a defendant on a particular claim." *Pasqualone v. Thomasini*, No. 2:06-CV-172, 2007 WL 2406940, at *1 (W.D. Mich. Aug. 20, 2007). This Plaintiff did not do. So the Court denies the motion to dismiss.

Not only did Plaintiff not allege failure to exhaust—he actually stated that he did in fact exhaust his remedies and attached to his *pro se* response brief a copy of a grievance he allegedly filed concerning the allegations in his Complaint. DN 29 at 1. Although "a plaintiff need not respond to a motion to dismiss with affirmative matter raising a triable issue of fact on an affirmative defense," *Rembisz v. Lew*, 590 F. App'x 501, 504 (6th Cir. 2014), Plaintiff did so here in response to Defendants' (factually unsupported) exhaustion argument. DN 29 at 1. The grievance relates to his broken clavicle and an appeal of the denial of that grievance. DN 29-1.

Accordingly, the Court **DENIES** Defendants' motion to dismiss (DN 24).

Date:


cc: Plaintiff, *pro se*
 Counsel of record
B213.009

2