UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:21-CV-00133-CRS

MICAH GRAY                                                                    PLAINTIFF

v.

SCOTT JORDAN, *et al*                                                      DEFENDANTS

**<u>MEMORANDUM OPINION AND ORDER</u>**

This case is a 42 U.S.C. § 1983 action brought by Plaintiff, Micah Gray, who is incarcerated at the Kentucky State Reformatory. Plaintiff is proceeding *pro se* and *in forma pauperis*. On May 9, 2023 and on June 14, 2023, Defendants, by their respective counsel, filed motions for summary judgment (DN 71 and DN 75). On July 12, 2023, the court entered an order requiring Plaintiff to respond to Defendants' pending summary judgment motions "within **<u>45 days</u>** of entry of this Order." 07/12/2023 Order, DN 75 at PageID# 534 (emphasis in original). The court provided Plaintiff with guidance in responding to summary judgment motions and warned Plaintiff that failure to comply with the court's Order "**will result in dismissal of the action.**" *Id.* (emphasis in original). More than 45 days have passed and Plaintiff has not responded to Defendants' pending motions. Plaintiff has missed his deadline and in doing so has failed to comply with an Order of the court.

Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis

for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Upon filing the instant lawsuit, Plaintiff assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with [the Civil Rules of Procedure] or a court order." FED. R. CIV. P. 41(b). Moreover, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). As well, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Id.* at 629.

The court issued a straightforward Order directing Plaintiff to respond to Defendants' summary judgment motions and warning that Plaintiff's failure to comply would result in dismissal of this action. Upon review, the court finds that Plaintiff's failure to comply with its Order warrants dismissal of this action under Fed. R. Civ. P. 41(b). Therefore, by separate order, the court will dismiss the instant action.

Plaintiff nevertheless remains obligated to the pay the filing fee in full. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997) ("We conclude that by *filing* the complaint or notice of appeal, the prisoner waives any objection to the fee assessment by the district court.") (emphasis added), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). Plaintiff has paid $223.50 toward the $350.00 filing fee, leaving a balance of $126.50. Accordingly, the court's prior **Order (DN 83)** ordering the Kentucky State Reformatory to collect the $126.50 balance from Plaintiff's trust account "in an amount equal to twenty percent (20%) of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of the Court

each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2),"

*id.* at PageID# 541, **remains in full effect**.

      **IT IS SO ORDERED**.

      December 12, 2023

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Counsel of Record
    Kentucky State Reformatory